IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY HICKMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 11-410 |
| | ) | |
| v. | ) | Judge Schwab/ |
| | ) | Magistrate Judge Bissoon |
| KENNETH CAMERON, Warden of SCI-Cresson; | ) | |
| and COMMONWEALTH OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that, pursuant to the Court's inherent power, the putative petition for Writ of Error *Coram Nobis* be dismissed pre-service due to lack of subject matter jurisdiction.

### II. **REPORT**

Larry Hickman ("Petitioner") is a prisoner who seeks relief from his state court convictions. Petitioner has filed in the past, numerous habeas petitions pursuant to Section 2254 and/or Section 2241, attacking the same state court convictions as he seeks to attack herein, all of which were denied.[1] Petitioner has now filed what he entitled a "Petition for Writ of Error

---

[1] Hickman v. Coleman, Civ. A. No. 10-148, 2010 WL 2634104 (W.D. Pa. April 22, 2010) (recounting Petitioner's history of filings in federal court, attacking his state court convictions), *report adopted by*, 2010 WL 2634006 (W.D.Pa. June 30, 2010).

*Coram Nobis*." Because this Court lacks subject matter jurisdiction over this petition for writ of error *coram nobis*, the petition should be dismissed pre-service.[2]

To the extent that the present petition may properly be construed as a request for a writ of error *coram nobis*, it is properly dismissed pre-service because federal courts do not have subject matter jurisdiction over such petitions that seek to attack a state court judgment. See, e.g., Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); Tavares v. Massachusetts, 59 F.Supp.2d 152, 154-55 (D.Mass. 1999). Accordingly, to the extent that the present filing is construed as a petition for writ of error *coram nobis*, it should be dismissed pre-service for lack of subject matter jurisdiction.

Even if we were to liberally construe the *pro se* petition as being a Section 2254 habeas petition, pre-service dismissal is appropriate because it is a second or successive Section 2254 petition, over which this Court lacks subject matter jurisdiction and Petitioner has not obtained permission from the Court of Appeals for the Third Circuit to file such a petition. Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002) ("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals over second or successive habeas petitions] is an allocation of subject-matter jurisdiction to the court of appeals.").

In the alternative, even if we construed the present petition as an attempted filing pursuant to Section 2241, invoking the exception under In re Dorsainvil, 119 F.3d 245, 247 (3d

---

[2] A court always has the inherent power to *sua sponte* raise its own subject matter jurisdiction. Palmer v. Barram, 184 F.3d 1373, 1377 (Fed.Cir. 1999) ("The question of subject matter jurisdiction, therefore, is one that may be raised *sua sponte* by the court, as it was here, and our jurisdiction to address and decide it is inherent. See also Carroll v. Court of Common Pleas of Allegheny County, No. CIV.A. 07-1707, 2008 WL 426272, at *1 (W.D.Pa. Feb. 14, 2008) ("Pursuant to the court's inherent power to control its own dockets, the court recommends that this petition be dismissed pre-service") (footnote omitted) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991) and Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000)).

Cir. 1997), and assumed further that such an exception exists for petitioners attacking their state court convictions, the petition still is dismissible pre-service for essentially the same reasons as Petitioner's prior Section 2241 petition. Hickman v. Coleman, Civ. A. No. 09-160, 2009 WL 1220426 (W.D. Pa. April 30, 2009) (finding Petitioner failed to carry his burden to show that Section 2254 is inadequate so as to permit him to bring a Section 2241 petition to attack his state court convictions).

### III. CONCLUSION

For the reasons set out in this Report, it is respectfully recommended that Petitioner's petition for writ of error *coram nobis* be dismissed pre-service because this Court lacks subject matter jurisdiction over it.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, objections to this Report and Recommendation are due by April 22, 2011. Failure to file objections by this date will constitute a waiver of any appellate rights. Brightwell v. Lehman, __ F.3d __, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011). Any party opposing the appeal may file their response to the appeal by May 13, 2011.


April 5, 2011                                  s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States Magistrate Judge


cc:   Arthur J. Schwab
      United States District Judge

      LARRY HICKMAN
      AJ-2188
      SCI Cresson
      Post Office Box A
      Cresson, PA 16699-0001