# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY HICKMAN, )
)
Petitioner, ) Civil Action No. 11-410
)
v. ) Judge Schwab/
) Magistrate Judge Bissoon
KENNETH CAMERON, Warden of SCI-Cresson; )
and COMMONWEALTH OF PENNSYLVANIA, )
)
Respondents. )

## MEMORANDUM ORDER

The above-captioned pro se prisoner petition was received by the Clerk of Court on March 29, 2011, and was referred to Magistrate Judge Cathy Bissoon for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Bissoon's Report and Recommendation, ECF No. [3], filed on April 5, 2011, recommended that the case be dismissed prior to service because, whether construed as a *coram nobis* petition, or a Section 2254 petition, or a Section 2241 petition, Petitioner's attempted attack on his state court criminal judgment failed to state a claim that was cognizable in this Court. Service of the Report was made on the Petitioner at his address of record. Petitioner was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a specific period of time in which to file his objections. Petitioner timely filed objections. ECF No. [4].

In those objections, Petitioner seeks for the first time to have his petition treated as if it were filed pursuant to Fed.R.Civ.P. 60 (b). More specifically, he seeks to use Fed.R.Civ.P. 60(b)

to attack his state court criminal judgment. ECF No. [4] at 1 ("The Petitioner moves the Court pursuant to Rule 60 (b)(4), of the Federal rule of Civil Procedure for relief from Judgment entered on June 16, 1988, on the ground that [The Judgment is Viod [sic]]."). However, Fed.R.Civ.P. 60(b) may only be used to attack a judgment of a federal court, not to attack the judgment of a state court. See Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1284 (11th Cir. 2004) ("The fraud exception to our rule that 60(b) relief will not be granted to reopen final judgments denying federal habeas relief applies where the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on a state court."). Because Petitioner is attacking a state court judgment, the Court hereby **DENIES** his motion under Fed.R.Civ.P. 60(b) as such an attack is proper only via habeas. See, e.g., Beaven v. Roth, 74 F.App'x 635, 638 (7th Cir. 2003) ("Federal courts do have authority to review collaterally state-court judgments in criminal cases, but only through habeas corpus. Indeed, 'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release'") (quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994)) (some citations omitted).

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 27th day of April, 2011,

IT IS HEREBY ORDERED that the case is dismissed because, the petition, however construed, fails to state a cognizable claim in this Court.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. [3], filed on April 5, 2011, by Magistrate Judge Bissoon, is adopted as the opinion of the Court, as

2

supplemented by this Memorandum Order. The Clerk is to mark the case closed. To the extent one is needed, a certificate of appealability is denied.

_____
Arthur J. Schwab
U.S. District Judge

cc: The Honorable Cathy Bissoon
United States Magistrate Judge

LARRY HICKMAN
AJ-2188
SCI Cresson
Post Office Box A
Cresson, PA 16699-0001